O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. SACV 17-00917 DDP |
| | ) | [CR 98-00143 DDP] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING MOTION TO DISMISS** |
| | ) | |
| JAVIER PONCE CASTELLON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the court is the government's Motion to Dismiss Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.   Background**

Petitioner Javier Ponce Castellon ("Petitioner") was a leader of a drug trafficking organization headed by his brother, Jose Ponce Castellon ("Jose"). In 2000, a jury convicted Petitioner and his brother of multiple drug trafficking offenses. In 2002, another judge of this Court sentenced Petitioner to 360 months imprisonment, followed by five years of supervised release. Petitioner and his brother, Jose, filed separate appeals that same

1  day.  8:98-cr-00143, Dkt. 636, 632.

2       In October 2003, the Ninth Circuit affirmed Jose's conviction
3  and sentence.  United States v. Castellon, 80 F. App'x 562 (9th
4  Cir. 2003).  Petitioner's appeal remained pending.

5       On January 3, 2005, Jose filed a § 2255 petition.
6  8:98-cr-00143, Dkt. 659.  The court's docket entry, however,
7  incorrectly identified the document as "Motion filed by Javier
8  Ponce Castellon."[1]  Id.  The caption of the document itself
9  correctly listed Petitioner's brother, Jose, as the filing party.
10 The next docket entry ordered the government to file a response "as
11 to Jose Castellon Ponce."  8:98-cr-00143, Dkt. 660.  The
12 government's opposition, however, like the initial Petition, was
13 docketed as an Opposition "as to Javier Ponce Castellon," even
14 though the document itself correctly listed Jose on the caption.
15 8:98-cr-00143, Dkt. 661.  A government surreply was correctly
16 docketed as pertaining to Jose.  8:98-cr-00143, Dkt. 636,
17 8:98-cr-00143, Dkt. 663.  Ultimately, the court denied Jose's
18 petition in May 2005, as correctly reflected on the docket "as to
19 Jose Castellon Ponce."  8:98-cr-00143, Dkt. 664.  Throughout this
20 period, Petitioner's appeal remained pending before the Ninth
21 Circuit.

22      The underlying criminal case was then reassigned to the
23 undersigned.  8:98-cr-00143, Dkt. 670.  Shortly thereafter, the
24 Ninth Circuit resolved Petitioner's appeal and affirmed his
25 conviction, observing that Petitioner "raise[d] several arguments
26 that are essentially the same as those that were raised and

---

[1] All emphasis in docket descriptions herein are added.

2

rejected in his brother's appeal arising from the same trial." United States v. Castellon, 135 F. App'x 122, 124 (9th Cir. 2005). The court granted, however, a limited Ameline remand for resentencing. Id.  In March 2006, this Court resentenced Petitioner to a term of 360 months, followed by five years of supervised release.  8:98-cr-00143, Dkt. 664.

Approximately eight years later, Petitioner filed a "Motion to Reconsider and Reopen," the first of a flurry of filings over the following years.  Those filings, including a 2255 motion, a motion to supplement and amend, a motion for an extension of time to amend, a motion to reduce sentence, and other motions, are described in greater detail in this Court's prior Order.  Dkt. 42. As pertinent here, the Ninth Circuit concluded that Petitioner's initial Motion to Reopen should have been construed as a 2255 motion. United States v. Castellon, 688 F. App'x 464 (9th Cir. 2017).  The court further observed that, "[r]echaracterized as a section 2255 habeas, Castellon's motion appears to be untimely. Any such finding, however, cannot be made until the district court follows the procedures set forth in Castro v. United States, 540 U.S. 375, 383." Id. at n.1.

Accordingly, this Court granted Petitioner leave to file an Amended 2255 petition, with instructions that Petitioner's filing would be construed as an initial 2255 motion.  Dkt. 42.  Petitioner proceeded to file an amended motion.  Dkt. 43.  The government now moves to dismiss the amended motion as untimely.  Dkt. 45.

**II.  Discussion**

In general, a 2255 motion must be filed within one year of the date on which a conviction becomes final.  28 U.S.C. § 2255(f)(1).

3

Here, although the government concedes that Petitioner's latest 2255 motion relates back to the date of Petitioner's initial "Motion to Reopen," there is no dispute that Petitioner did not file that initial motion until approximately eight years after his conviction because final, following resentencing.  Thus, there is also no dispute that Petitioner does not fall within the one-year limitations period prescribed by section 2255(f)(1).[2]

Petitioner contends, however, that he is entitled to equitable tolling.  A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks omitted).  Petitioner attempts to satisfy both of these requirements by claiming that the court's docketing error, which erroneously described Jose's January 2005 motion as having been filed by Petitioner, led Petitioner to believe that he himself had filed a 2255 motion, which he believed was pending for approximately eight years before he then filed his "Motion to Reopen."

This argument is not persuasive.  As an initial matter, although the docket did twice mis-identify the motion as pertaining to Petitioner rather than Jose, the documents themselves clearly list Jose's name on the caption, pertain to Jose, and were filed by Jose's counsel.  Even assuming that Petitioner only had the docket sheet available to him, he cannot credibly claim that he did not know whether he himself had filed a motion on his own behalf.  Nor,

---

[2] As discussed above, the Ninth Circuit has already suggested that Petitioner's motion appears to be untimely.

having participated in an eleven-day jury trial while represented by counsel necessarily distinct from Jose's separate counsel, can Petitioner reasonably assert that he thought Jose's separate counsel filed a 2255 motion on Petitioner's behalf.  Moreover, the court's orders "as to Jose Castellon Ponce," including the denial of the 2255 motion, would make little sense if, as Petitioner now contends he believed, that motion had been filed on Petitioner's behalf, rather than Jose's.  Although the docketing errors could certainly have caused some degree of confusion, no reasonably diligent defendant would wait eight-years before attempting to resolve any ambiguity.

Furthermore, Jose's mis-docketed 2255 motion was filed in January 2005, while Petitioner's own appeal was still pending. "[F]ederal prisoners must exhaust appellate review prior to filing for habeas relief in the district court." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005); see also Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987).  A viable 2255 motion could not, therefore, have been filed on Petitioner's behalf in January 2005.  This rule is well-settled.  See, e.g., Fernandez v. United States, No. 14-CR-277-GPC, 2019 WL 446244, at *2 (S.D. Cal. Feb. 5, 2019); United States v. Descamps, No. CR-05-104-FVS, 2011 WL 1259840, at *1 (E.D. Wash. Apr. 1, 2011).  Accordingly, Petitioner's unsupported assertion that his own trial counsel mistakenly believed that the January 2005 filing pertained to Petitioner strains credulity.[3]

---

[3] It is unclear whether Petitioner asserts that his own counsel mistakenly (A) remembered filing a 2255 motion on Petitioner's behalf, (B) believed Petitioner filed the motion pro
(continued...)

Because Petitioner has not shown that he is entitled to equitable tolling, his 2255 motion is untimely, and must be dismissed.

### III. Conclusion

For the reasons stated above, the government's Motion to Dismiss is GRANTED.  Petitioner's Amended Motion (Dkt. 43), which this Court construes as his initial motion, is DISMISSED.

IT IS SO ORDERED.

Dated: June 12, 2023

DEAN D. PREGERSON
United States District Judge

---

[3] (...continued)
se, or (C) thought Jose's counsel somehow filed the motion on Petitioner's behalf.  Any of these possibilities, however, would have run afoul of the exhaustion requirement, of which counsel, who filed Petitioner's notice of appeal, was presumably aware.

6